GEORGE F. JONES v. PHILIP P. CAREY.

Owner of Vicious Dog— Wilful Negligence—Damages— Contributory Negligence.

The owner or harborer of a vicious dog which was in the habit of running out at travellers passing on the highway, after he has knowledge of the habit of such dog, is guilty of wilful negligence in longer keeping him at large and is liable for damages sustained by a traveller passing on the highway occasioned by the dog running out and frightening his horse ; and being guilty of wilful negligence he cannot set up a plea of contributory negligence on the part of the traveller.

(Sussex, April 1, 1891.)

SUMMONS CASE for personal injuries occasioned by the fright of a horse (driven by the plaintiff) occasioned by a dog.

Alfred P. Robinson, for plaintiff.

Robert C. White, for defendant.

COMEGYS, C. J.   By the undisputed testimony in the case, the plaintiff, who is a physician, was about ten o'clock in the morning of the 24th of June last year, driving in a vehicle along the highway at or near the defendant's house in Gumborough hundred in this county, when, at about a hundred and seventy-five yards from the house—which had been passed by him on his way—the dog in question suddenly appeared, chasing him and barking and trying to bite the horse's legs and jumping up at his nose. This so frightened the animal that he ran off, drew the carriage upon a low fence along the road, and threw the plaintiff out, occasioning the injuries he received, and which he has described to you.   The plaintiff says that at the time the dog attacked his horse, he, the plaintiff had the reins in one hand and a package of eggs in the other.   This is the testimony of the plaintiff in his examination in chief and his cross examination, with respect to the casualty, and the circum-

stances attending it. He then further testified to the character of the dog as one given to the practices which had occasioned the injury complained of—which testimony was supported by that of other witnesses speaking before you to the same point. The plaintiff also swore that he had been attacked by the same dog at other times and in a similar manner, and that he had complained to the defendant about it, and insisted that he should get rid of him, but that the defendant gave him no satisfaction, or assurance upon that point. It appears from the language of the defendant before you, that he had great affection for his dog, and was loth to part with him—which was very natural. This testimony—imputing knowledge of the habits of the dog as a creature that chased and attacked wayfarers with their teams upon the highway—was supported by that of Mr. West—who had a dog given to like practice, and who before this accident, in conversing about the habits of their respective dogs, said to the defendant we shall have to kill our dogs— or words to that effect, when the defendant replied that he should not shoot his dog, and that if anybody wanted him shot, he would have to shoot him himself—or used language of like import. It therefore appears, if you believe the testimony of the plaintiff and his witnesses, that the defendant's dog had the bad and dangerous habit of attacking wayfarers with their teams passing along the public road or highway, at or about the defendant's premises, barking and endeavoring to bite the horses, or other creatures; and also by the testimony of the plaintiff and Mr. James A. Short, that the defendant was aware of such dangerous disposition and practice on the dog's part. If you believe this testimony, then you have the case of a person keeping a vicious and dangerous dog, with knowledge of the habit imputed to him by witnesses examined in your hearing. This is sufficient to support the plaintiff's case and entitle him to your verdict, unless there be something shown by the testimony on the part of the defendant, or the circumstances disclosed which you think sufficient, in view of the law in cases similar in principle, to justify you in withholding it from him, and giving your verdict to his opponent.

It seems to me best that I should now give to you the law ap-
plicable to cases similar in their character to that you are trying—
as such law is held by this court.   This case is presented
for prosecution as one of negligent conduct on the part of the de-
fendant in keeping a dangerous dog, and causing thereby a grievous
injury to the plaintiff : it is defended on the ground that any in-
jury received by the plaintiff on the occasion referred to, was the
result, in fact, of his own negligence and want of due care at the
time ; and that if he had then exercised the degree of care which
his knowledge of the habits of the defendant's dog required of him
as a man of reasonable and ordinary prudence, the mischief of
which he complains would not have been done; and he points to
the admission by the plaintiff in his testimony that he held, at the
time of the dog's attack, the reins in one hand and the package of
eggs in the other—insisting that if he had been mindful of the
danger, which he had reason from experience to anticipate, and had
provided against it by holding the reins by both hands, his horse
would not have got away from him, and consequently the accident
would not have happened ; in other words, he contends that this
prudent care required of the plaintiff not having been observed by
him, the case is in fact one where contributory negligence existed
on the plaintiff's part, and thus he is precluded from recovery.  As
the defence rests mainly upon this plea, it is the duty of the court
to instruct you, what the term contributory negligence, as under-
stood in law, is ; it will be for you, then, with such explanation of
its meaning, to say whether the plaintiff was guilty of it, in this
case, or not.

And first it is well that you should know what the law con-
siders negligence to be.   It is want of proper care, under the cir-
cumstances existing at the time and calling for its exercise.   That
makes it necessary to say, that want of proper care is the absence
of such caution as a man of common prudence—that is the average
man—takes when it concerns him to be vigilant, sufficiently to pro-
tect himself from apparent, or suspected danger.   Applying these

definitions to the case before you as disclosed by the proof, then if
you believe the plaintiff, at the time mentioned, was not observing
the case of himself which a reasonably prudent person would, if
situated as he was, have taken, he was negligent of his duty; and
under common circumstances, he would be debarred from recover-
ing. On the contrary, if you believe from the testimony, that upon
the occasion in proof, he was observing all the ordinary care, under
the circumstances shown, that a person of ordinary prudence and
circumspection travelling upon a public road or highway, ought to
have taken, then he was not guilty of any want of such care. It
is, however, to be understood, generally, that the degree of care to be
taken must always be regarded as being proportioned to the risk
incurred; that is to say, if the risk be great, the caution should
correspondingly increase with it. This is good sense, as well as
law. It is also to be taken into account, in this case, that it is tes-
tified to by the plaintiff that he had passed by the house, where the
the dog was kept, a distance of about one hundred and fifty yards
by the road, and seventy-five in a straight line from the building—
which we may take as the point of danger. Having thus driven
by that point, was the fact that he held the reins by one hand only,
an act of negligence; in other words would a person of ordinary
prudence have done more? If not, then he was guilty of no negli-
gence at all, especially if you believe his statement, that he had no
warning of the approach of the dog until he ran up behind and at-
tacked the horse. If the latter view, the plaintiff was not negli-
gent, and of course did, nor omit to do anything which promoted, or
occasioned the casualty : he contributed nothing on his part to bring
it about. Contributory negligence is taking such part in an act of
injury to person or property, either by action or omission to act
when required by common prudence to act, as is a cause of result-
ant mischief. But it must be what the law calls the proximate
cause of it; that is, that it produced it. If it did not, then, if the
plaintiff's negligent act was the remote, or non-producing and not
the efficient cause, operating at the time, or then existing, it was

only a remote cause of the trouble, and does not bar him of his claim to a verdict. Under ordinary circumstances, we should put it to you to say, whether the plaintiff in this case was negligent of his duty in driving along the public road, and that such negligence was, or was not, the promoting cause, or one of the promoting causes of the difficulty, and that if you should find that it was, that you should deny him your verdict; but here are circumstances which call for different instruction, which we now proceed to give, as applicable to certain cases of claims for damages from alleged negligence.

While it is perfectly true, as has often been announced from this bench that if it be shown, in the progress of a trial, by credible testimony, that the plaintiff in a suit for damages against a defendant for negligence alleged on such defendant's part, cannot recover, if the plaintiff's own negligence, where such was in proof, was a direct, promoting, and not remote course of the trouble, yet there are cases, and this, if you are satisfied with the plaintiff's proof, seems to be one of them, where, notwithstanding want of ordinary diligence on a plaintiff's part, if such exist, he may still recover, and the rule of contributory negligence does not apply, if the negligent misconduct of a defendant is of such a character as to be deemed *willful*. In case of willful misbehavior on a defendant's part—willful neglect of an obvious duty—such recklessness of consequences, if dangerous consequences were reasonably to be apprehended from such neglect, must be taken to have been present in the mind of a defendant, and are to be treated as *willful* negligence on a defendant's part, depriving him of the plea that he is not to be fixed with a verdict against him, because the plaintiff was not using all the care of himself he ought to have done. That plea will not excuse him. His willful neglect of duty is in the nature of intentional misconduct, and where such exists, it is no excuse that the other side was in fault also. This law will be found in the books that treat of contributory negligence, and no special reference need be made to them. I refer particularly to the valuable work of Beach.

The defendant has offered proof on his part, which, if true, would have a tendency to say that some other dog must have been the actor on the occasion; but you will weigh it, in connection with the positive proof on the plaintiff's part, that it was the dog of the defendant, and no other, that ran at his horse; and his habit of doing so, has, as I have heretofore pointed out, been shown to be of the mischievous character displayed on. the occasion of the 24th of June last. And then the plea is made that the defendant gave away his dog, and that he did not belong to him when the plaintiff was injured. But you will not forget that he gave him, if he did so at all, to the person living only a mile and a half from his old home. Was such a gift to get rid of the dog? or was it otherwise? Owners of dogs, or those who harbor or permit them to stay about their premises, are answerable for all their misconduct resulting from bad habits, where such dogs are known by their owners, or harborers, as having them; and though this is the first case calling for treatment of that topic, yet the law about keeping vicious, or mischievous dogs, has always been known to our people, and none can plead ignorance to it. There is no greater, or more dangerous, nuisance, than the keeping, or harboring, about one's house, or upon his premises, of a dog with the bad habit of running out upon the highway and attacking people who, upon their lawful occasions, are travelling along the public roads and highways of the county or State. And as people have a perfect right to use such thoroughfares at pleasure, and as no one has the right to interfere with that privilege, no such interference is to be expected or provided against; and therefore while positive negligence in pursuing such travel is not to be encouraged, at the same time only ordinary care, that is such as other people take, is to be required of any wayfarer in going his journey.

The result of all this is—that if you believe the testimony offered to you by the plaintiff to be true as to the cause of the accident, and that the defendant knew of the bad habit of his dog in running out at wayfarers and their teams passing along the high-

way at or about his premises, he is without any defence before you —his knowledge of the habit of his dog, and refused to get rid of him in some efficient way, and still keeping him, or allowing him to be upon his premises to the time of the accident, being in effect willful negligence, which, when it exists, is not excused or palliated by any negligence merely on the part of a plaintiff. In other words, contributory negligence is no defence where the negligence of the defendant is willful—as it is to be considered here if you believe the plaintiff's proof and that of his witnesses. In fact such proof, as to the accident and its circumstances, is not gainsayed by any proof on the defendant's part—his real and chief defence being neglect on the part of the defendant, which we have pointed out to you, does not avail, where the negligence on the defendant's part is willful.

Verdict for the plaintiff.