MORRIS FRIEDMANN and YETTA FRIEDMANN, his wife, *vs.* JOHN McGOWAN.

*Tort—Pleading—Evidence—Knowledge—Damages.*

1. In an action for injuries caused by the bite of a dog, the question asked the plaintiff, "Have you or not been afraid of hydrophobia ever since you were bitten by this dog ?" held admissible on the ground of relevancy, but inadmissible on account of being leading.

2. A witness being asked, "What was the reputation of that dog for viciousness ?" held admissible, although the declaration contained no specific allegation as to the viciousness of the dog with respect to biting mankind. The question being asked witness, "Did that dog ever attack you ?" admitted upon the statement of counsel that he proposed to bring home to the defendant knowledge of the said attack.

3. In such action in order for the plaintiff to recover, he must show that defendant kept the dog, that he did so knowing that the dog was vicious and that the injuries complained of resulted from the bite of the dog. Such knowledge may be either actual or constructive. Knowledge of the servant is not knowledge of the master, unless the servant was made the agent of the master for the particular purpose of taking charge of the dog.

4. In such actions, the time and place are not material unless made so by the nature of the justification and the manner of pleading.

5. A statute should have a prospective action only, unless its terms plainly show a legislative intent that it should operate retrospectively. The statute of this State limiting the time in which actions for the recovery of damages for personal injuries may be brought does not apply to causes of action accruing before its passage.

6. Measure of damages stated.

*(December 1, 1898.)*

LORE, C. J., and SPRUANCE and GRUBB J. J., sitting.

*Howell S. England* for plaintiffs.

*David T. Marvel* and *Walter H. Hayes* for defendant.

Superior Court, New Castle County, November Term, 1898.

ACTION on the case (No. 44, February T., 1896,) damages being claimed for injuries to the plaintiff Yetta Friedmann by reason of being bitten by the dog of the defendant.

The narr originally filed consisted of two counts, but at the trial, upon the conclusion of the testimony, counsel for plaintiff withdrew the first count, the remaining count being as follows :

"And also for that whereas, heretofore to wit : on the third day of December, in the year of our Lord, one thousand eight hundred and ninety-six, the said defendant operated and conducted a certain saloon for the sale of intoxicating liquors, at Wilmington in the County of New Castle aforesaid, and then and there had in said saloon a certain vicious dog and the said Yetta Friedmann was then and there a customer of the said defendant, just having purchased a certain quantity of lager beer in his said saloon, and the plaintiffs aver that on the day and year aforesaid at the County of New Castle aforesaid, by and through the negligence and carelessness of the said defendant in

allowing the said Yetta Friedmann to stand near the said vicious dog, owned by the said defendant, and then and there known by said defendant to be vicious at the said saloon, without having properly instructed her, the said Yetta Friedmann, as to the viciousness of the said dog, and without having properly explained to her, and warned her of the risk and danger incident to entering said saloon, and remaining therein, while said vicious dog was also therein, she the said Yetta Friedmann, being then and there a customer, and ignorant of the dangers and risks attendant upon entering into and remaining in the said saloon, in which said vicious dog then and there was, in accordance with the orders and directions of the said defendant, and in the exercise of due care and caution on her part, she the said Yetta Friedmann, was by the said vicious dog so badly bitten, lacerated, wounded and injured in the left thigh that she became sick, sore, lame and disordered, and suffered great pain for a long space of time, to wit hitherto ; and became and was and still is, scarred, maimed, crippled and injured, and also by means whereof the said Yetta Friedmann hath been and still is hindered and prevented from following her usual occupation, and from transacting and attending to her necessary affairs and also whereby the said Morris Friedmann and Yetta Friedmann were forced and obliged to incur, and did then and there incur great expense, to wit : the sum of one hundred dollars, in and about endeavoring to have the said Yetta Friedmann cured of the said injuries so sustained to her as aforesaid, and in procuring necessary medical attendance and medicines therefor, wherefore the said plaintiffs say that they are injured, and have sustained damage to the amount of one thousand dollars, and therefore they bring their suit.''

The pleas were, not guilty, release and statute of limitations.

Yetta Friedmann, one of the plaintiffs, testified that on the night of December 3, 1896, between eight and nine o'clock, she went to the saloon of McGowan, at the south west corner of Front and Shipley streets, Wilmington, to purchase five cents' worth of beer ; that she was at once waited on by the defendant, and as she was leaving the place a large Newfoundland dog

jumped upon her and bit her in two places on the inner side of the left thigh. That she told defendant that his dog had bitten her, and that he laughed at her. That on leaving the saloon she met one Kelleher, a police officer, on the street near the saloon, and told him she had been bitten by McGowan's dog. That she with the officer and McGowan then went into a private room in McGowan's place and that she showed him the wounds upon her thigh made by the dog. That McGowan said he would make i all right. That she suffered at the time, and still continues to suffer in wet weather, pain from the effects of the bite. That Dr. Blocksom treated her for the injury for about a week.

Dr. J. T. V. Blocksom testified that he examined the wounds of Mrs. Friedmann on December 3, 1896. That diagonally across the left thigh he found two wounds about three inches apart, made by the tushes of a dog as claimed by Mrs. Friedmann; the upper one being about three-eighths of an inch deep and the lower one just a little under the skin. That at the time she was quite nervous, but after four or five days she recovered from her nervousness. That he treated her antiseptically for about a week and the wounds soon healed.

The following questions were asked and ruled upon:

The plaintiff was asked by Mr. England: "Have you or not, been afraid of hydrophobia ever since you were bitten by this dog?"

Counsel for defendant objected on the ground of irrelevancy.

Mr. England cited *Warner vs. Chamberlain, 7 Houst., 18.*

LORE, C. J :—Under the authority of the case cited by Mr. England, we think the question is admissible.

The defendant excepted, and again objected to the question as leading, which objection was sustained.

Sarah Friedmann, after stating that she was acquainted with the reputation of the dog alleged to have bitten Mrs. Yetta Friedmann, was asked by Mr. England the following question: "What was the reputation of that dog for viciousness?"

Objected to by counsel for defendant, on the ground that

the declaration contained no specific allegation as to the vicious-ness of the dog with respect to biting mankind.

LORE, C. J :—We overrule the objection.

GRUBB, J., dissented.

The defendant excepted.

The same witness was further asked, "Did that dog ever attack you?"

The question was objected to by defendant's counsel as irrelevant.

Upon the statement of Mr. England that he proposed to bring home to the defendant knowledge of the said attack, the objection was overruled and the defendant noted an exception to the admission of this, and also to all similar testimony.

The witness then testified that the reputation of the dog for viciousness was bad.

The defendant's counsel moved for a non suit upon two grounds :

*First.* . That suit having been brought January 5, 1898, thirteen months and two days after the date of the accident, December 3, 1896, it was barred by the act passed May 28, 1897, *Chap. 594, Vol. 20, Laws of Del.*, providing that no suit for damages should hereafter be brought after the expiration of one year succeeding the date of the accident.

*Second.* Because there was no proof of *scienter*, which was the gist of the action.

*Mr. England* replied as to the first ground that the statute referred to did not apply to causes of action that accrued before the date of the statute, but only to causes accruing thereafter.

*Lewis vs. Lewis, 7 Howard, \*776; Town of Koshkonong vs. Burton, 104, U. S. 668.*

*Second.* That the knowledge of the colored man, the servant of McGowan, who pulled the dog off of Mrs. Sarah Friedmann, was the knowledge of McGowan, and that the proof that the

latter kept the dog confined, was sufficient evidence of *scienter*.

*Jones vs. Perry, 2 Esp. *482; Buckley vs. Leonard, 4 Denio, 500; Warner vs. Chamberlain, 7 Houst., 18.*

LORE C. J :—We do not think that a non suit should be granted in this case. The questions of law can be considered in the charge of the Court.

The Court charged the jury upon the various propositions of law raised by the prayers of the respective counsel as follows :

LORE C. J., charging the jury :

Gentlemen of the jury :—The plaintiffs, Morris Friedmann and Yetta Friedmann his wife, seek to recover in this action damages for personal injuries alleged to have been sustained by said wife, as the result of being bitten on December 3, 1896, in the defendant's saloon in this city, by a vicious dog then owned and kept by the defendant.

In order to recover, the plaintiffs must show to your satisfaction that the defendant kept this dog ; that he did so knowing he would bite or was of such a vicious or ferocious nature that he had a propensity or was likely so to do, and that the injuries complained of resulted from the bite of the dog.

We are asked in this case to instruct you to render a verdict in favor of the defendant, on the ground that the averments in the second count of the narr, (which is the only count upon which the plaintiffs now stand,) "That the vicious dog owned by the defendant, and then and there known by the defendant to be vicious," and the other averments thereof are not sufficiently specific to support this action.

We cannot so instruct you. We have already passed upon this in the admission of evidence, and now adhere to the ruling then made.

The defendant claims that as the alleged injuries were received on the third day of December, 1896, and that the action was not brought until January 5, 1898 more than a year after the happening of the injury, that you should render a verdict in his favor ; that the action is barred by the Act of Assembly passed May 28, 1897, ( *Vol. 20, Del. Laws, 712*), which limits

the time in which such actions may be brought. The language of the Act of Assembly is as follows : ''That from and after the passage of this act no action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of one year from the date upon which it is claimed that such alleged injuries were sustained.''

In order to sustain the view contended for by the defendant, a retrospective operation must be given to this statute.

It is a sound rule of construction that a statute should have a prospective action *only*, unless its terms plainly show a legislative intention that it should operate retrospectively, ( *Cooley on Constitutional Limitations, 370.* )

This doctrine has been repeatedly affirmed by the Courts of this State and is therefore no longer an open question. We are unable to find in this statute any such clear legislative intention, and therefore hold that the statute is not retroactive in operation and does not apply to causes of action accruing prior to its passage.

Such interpretation, gives full effect to the language of the statute, and seems logical and just. It leaves all causes of action, arising prior to the act of May 28, 1897, subject to the limitation of three years theretofore existing under the laws of this State. The case at bar, may be distinguished from cases like *Sohn vs. Watterson, 17 Wallace 596;* where such a construction would have left a large class of actions unprovided with any limitation whatever. Taking therefore the plain language of the statute, it is reasonable to infer that the legislature intended by this act, only to affect causes thereafter arising, and to leave all others to the reasonable limitation existing at the time the cause of action accrued.

Even if it could be held that the statute was retroactive, there is authority for holding, ''That it will not be presumed that the Legislature in passing the act of May 28, 1897, limiting the time in which actions for the recovery of damages, for alleged personal injuries shall be brought to the period of one year from the date of said injuries, intended to effect an absolute

bar to the bringing of such an action, the right to bring which accrued more than the limited time before the statute was passed —that such an intent would be unconstitutional, and that the proper construction of said statute is, that it limits the bringing of such actions to the period of one year from the date of the passage of said act." *Lewis vs. Lewis, 7 How., 776; Cooley on Const. Lim., 367; Sohn vs. Watterson, 17 Wallace, 596.*

In either event the statute would be no bar to the action, and we so instruct you ; that is, the statute does not stand in the way of recovery in this case.

We have been asked to instruct you, "That the jury cannot find a verdict for the plaintiffs unless they are satisfied from all the evidence that Yetta Friedmann was bitten by the dog in the saloon of the defendant as alleged in the second count of the narr."

We cannot so instruct you. The rule is clearly laid down in *1 Greenleaf on Evidence, Section 6:* "In trespass to the person, the material fact is the assault and battery," (in this case the biting), "time and place not being material unless made so by the nature of the justification and the manner of pleading"— which is not this case.

The law is uniformly laid down that if the plaintiff's injuries result from the bite of a vicious dog that that dog must be known by the defendant to be vicious, in order to make the defendant liable.

*Scienter* or knowledge of the vicious disposition of a dog may come to a person in two ways : either from actual knowledge, from observation or from reports made to the defendant of the vicious actions of the dog ; or it may also be gathered or known constructively. For instance, if a dog is generally known to be vicious, and for a long time being thus vicious has been kept in the possession of the master or owner, it is a fact to go to the jury as to constructive knowledge. We may say to you that where the dog is commonly kept confined, while it is not in itself conclusive evidence of viciousness, it is a fact to go to the jury, connected with other matters, for whatever it is worth bearing upon that point. The mere fact that a dog accompanies

or is in the possession of a servant, and that the servant has knowledge of the dog's viciousness, is not in itself evidence of knowledge on the part of the owner. The knowledge of the servant is not knowledge on the part of the master, unless the servant was made the agent of the master for the particular purpose of taking charge of the dog.

In the matter of reputation, where the reputation is generally known and prevails in the neighborhood, it is a matter to go to the jury, from which—giving it just whatever weight it is entitled to—they may reasonably infer the knowledge of the master. Constructive knowledge depends upon all the circumstances surrounding the case, and must be such as to satisfy your mind that the master of the dog from those circumstances ought to have known or was bound to know, under the law, that the dog was vicious.

So that, in order to recover in this case the plaintiff should show you that these injuries of which she complains resulted from the biting of that dog, that the dog was vicious, and that he was known to be vicious by the defendant in this case, either actually or constructively, as we have designated. If you should conclude from all the evidence in this case, of which you are the exclusive judges, that the plaintiffs are entitled to recover at all, then the measure of damages would be such a reasonable sum as will compensate the plaintiffs for the injuries of the wife, and for her pain and suffering in the past, and such as may come in the future, resulting from the injury, as from all the evidence the jury may believe she has sustained.

Expenses in nursing and loss of service to the husband by sickness of the wife, are excluded from this case. The plaintiffs can only recover for the injuries of the wife, as above stated, if you should believe them entitled to a verdict at all.

If you should not be satisfied that the injuries resulted from the bite of this dog or that the dog was vicious and that the owner or keeper knew he was vicious, then the plaintiff is not entitled to recover in this action.

Verdict for defendant.