## GUENTHER v. FOHEY.

[No. 3,369.   Filed January 10, 1901.]

PLEADING.—*Facts and Conclusions.*—*Nature of Animal.*—Allegations that a dog was of a fierce nature, and had a propensity to bite mankind, are facts, and not conclusions, and the sufficiency of a complaint containing them is not affected by allegations of mere conclusions which it also contains. *pp. 94, 95.*

ANIMALS.—*Vicious Dog.*—*Habit.*—Allegations of the vicious or mischievous propensity of an animal, the owner's knowledge thereof,

and an injury resulting therefrom are sufficient to require the owner to answer, without showing a habit or custom of the animal to attack mankind, and the owner's knowledge of such habit. *p. 95.*

TRIAL.—*Interrogatories.—Insufficient Evidence.*—The failure of the answers to special interrogatories to state a material fact on which plaintiff's right to recover depends will not enable such answers to overthrow the verdict. A general verdict for plaintiff finds all the material facts in issue in his favor, and the answers to interrogatories cannot overthrow it unless they affirmatively find facts in conflict with the verdict. *pp. 95, 96.*

ANIMALS.—*Vicious Dog.--Restraint.*—The keeper of a vicious dog is bound so to secure it as to prevent mischief to any one who is where he has a right to be, and if such dog is kept in a house to which people are invited on business it must be effectually restrained therein. *p. 97.*

From the LaPorte Circuit Court. *Affirmed.*

*W. E. Higgins, F. E. Osborn* and *H. W. Sallwasser,* for appellant.

*M. Nye* and *M. R. Sutherland,* for appellee.

COMSTOCK, J.—Appellee brought this action against appellant, defendant below, to recover damages for personal injuries inflicted by the bite of appellant's dog. The cause was put at issue and a trial resulted in a verdict in favor of appellee for $200. With the general verdict answers to interrogatories were returned. Appellant moved for judgment on the answers to interrogatories notwithstanding the general verdict, which motion was overruled. The errors claimed are (1) the action of the court in overruling the demurrer of appellant to the complaint; (2) in overruling appellant's motion for judgment on the answers to interrogatories notwithstanding the general verdict; (3) in rendering judgment in favor of appellee over the objection and exception of appellant.

Appellant discusses these alleged errors in the order named, considering the second and third together. The complaint is brief, and omitting the formal parts is, in substance, as follows: On and prior to the 29th day of June, 1897, the defendant kept a dog which was of a fierce and

dangerous nature and improper to go at large, and with a propensity to attack and bite mankind. The defendant knew at the said date and prior thereto the nature and propensity of said dog, and wrongfully and negligently permitted it to go at large without proper restraint and confinement; and while so permitted to go at large said dog, without any fault or negligence on the part of the plaintiff, did then and there attack, bruise, and bite the plaintiff, by reason of which, etc. The objection made to the complaint is that its allegations as to the vicious and dangerous character of the dog are conclusions, and not facts. The averments that the dog was fierce and had a propensity to bite mankind, we think, are not open to this objection.

Appellant also claims that the complaint should aver a disposition generally or habit or custom on the part of the dog to bite mankind coupled with appellant's knowledge of this disposition and habit. The propensity of the dog and knowledge of the owner may exist without anyone having been bitten. The complaint avers the vicious propensity of the dog and the knowledge of appellant. These facts are not limited to the date appellee received his injury, but it is averred that both existed at said date and prior thereto. In *Graham* v. *Payne,* 122 Ind. 403, at p. 406, the Supreme Court say: "When the plaintiff alleges the mischievous, or vicious, propensity of the animal the injury resulting therefrom and the *scienter,* he makes a good case upon paper, and one which the defendant must meet by a denial or an answer which confesses and avoids the alleged cause of action." The court did not err in holding the complaint sufficient.

The second and third specifications of error present substantially the same question, viz.: Did the court err in overruling appellant's motion for judgment on the answers to interrogatories notwithstanding the general verdict? The general verdict finds every material fact necessary to plaintiff's recovery. It finds what appellant claims the answers

to interrogatories do not affirmatively show, that is, that appellee was without fault. "Special findings override the general verdict only when both cannot stand, and this antagonism must be apparent upon the face of the record beyond the possibility of being removed by any evidence legitimately admissible under the issues, before the court can be successfully called upon to direct judgment in favor of the party against whom a general verdict has been rendered by a jury upon their oath." The foregoing statement of the rule is from the opinion in *Amidon* v. *Gaff,* 24 Ind. 128. See, also, *Pittsburgh, etc., R. Co.* v. *Martin,* 82 Ind. 476; *City of Ft. Wayne* v. *Patterson,* 3 Ind. App. 34; *Rhodius* v. *Johnson,* 24 Ind. App. 401, and authorities there cited.

In appellant's brief the special findings of facts in answer to interrogatories are treated as a special verdict, and it is insisted these special findings should affirmatively show that appellee was free from fault contributing to his injury. These findings do not purport to be a special verdict. The law authorizing special verdicts was repealed in 1897. This action was not commenced until 1899. Counsel for appellant cite numerous authorities as to the requirements of a special verdict, which are not applicable to the question before us, and need not, therefore, be referred to here.

Appellee plausibly claims that the interrogatories and answers thereto are not properly in the record, and that therefore they can not be considered. This question we do not decide. Treating them as properly in the record, we find no irreconcilable conflict between them and the general verdict. They show that the dog in question was not young; that appellant had owned him for four years; that he was vicious and was in the habit of biting mankind prior to the date at which he bit appellee; that this was known to appellant prior to appellee's injury. Appellee had knowledge of the disposition of the dog and was afraid of him before he was bitten; and he received the injury for which

he sues upon entering a second time that day appellant's house. There is no irreconcilable conflict in these facts specially found and the general verdict. The fact that the dog was in the house at the time is not inconsistent with the finding of the general verdict that he was unrestrained and at large. A dog may be restrained in a house to which people are invited on business. The keeper of a vicious dog is bound so to secure it as to prevent any mischief to any one who is where he has the right to be. It will be presumed in view of the general verdict that appellee was in appellant's house on invitation of appellant, and that his conduct was that of an ordinarily prudent person under like circumstances. This disposes of all the questions discussed.

Judgment affirmed.