F. GIOVANNOZZI & SONS, INC., defendant below, appellant, v. GIOVANNI LUCIANI, plaintiff below, respondent.

(*February* 17, 1941.)

LAYTON, C. J., RICHARDS and TERRY, J. J., sitting.

· *W. Thomas Knowles* (of Knowles and Knowles) for plaintiff below respondent.

*Charles L. Parvaszewski* (of Melson and Killoran) for defendant below appellant.

Superior Court for New Castle County, January Term, 1941.

LAYTON, Chief Justice:

The pro-narr averred that the plaintiff below went to the place of business of the defendant for the purpose of purchasing stone; and that while he was walking about the yard of the defendant company he was attacked by a dog owned, under the control of or harbored by the defendant who knew, or had reason to believe, the dog to be a vicious animal.

The causes assigned for demurrer were that it nowhere appeared that the defendant violated, or was negligent in, any duty owing to the plaintiff; nor that the dog possessed the specific vicious habit which caused the injury.

The defendant's contention is that the liability of an owner or harborer of a vicious dog, for injuries committed by it, is premised on negligence; and, accordingly, the declaration must disclose the existence and breach of duty.

The rule of the common law was, that the owner of a vicious dog, having knowledge of its dangerous propensities, is bound to keep him secure at his peril; and if any one, without fault on his part, is injured by the animal, the owner will be liable for all damages sustained. 2 Am. & Eng. Ency. Law, 366.

Where the vicious propensity to the knowledge of the owner or keeper is alleged, it is unnecessary to aver negligence or default in securing or keeping the animal. 3 *C. J.* 112; 3 *C. J. S., Animals,* § 170, 1271; 2 *Am. Jur.* 753; *May v. Burdett,* 9 *Adol. & E.* 101, 58 *E. C. L.* 99; *Congress & E. Spring Co. v. Edgar,* 99 *U. S.* 645, 25 *L. Ed.* 487. In such case the averment of a duty on the defendant's part to use reasonable care in the keeping of the animal would be idle and superfluous. *Card v. Case,* 5 *M. G. & S.* (57 *E. C. L.*) 622. The allegation of duty is superfluous where the stated facts show a legal liability. *Cooke v. Elk Coach Line,* 7 *W. W. Harr.* (37 *Del.*) 120, 180 *A.* 782. The conception of negligence in the sense of an improper disregard on the part of the defendant for the safety of the person of the plaintiff is not absent. A due regard for the rights of others compels the owner to restrain a dog disposed to bite mankind if the owner has knowledge of the vice. Negligence is presumed. The gist of the action is not merely the negligent keeping of the animal, but the keeping of it at all with

knowledge of the dangerous propensity. This is not to say that a declaration may not be framed as in an ordinary case of negligence, for if scienter is not alleged, negligence must be averred. 3 *C. J. S., Animals,* § 170, *p.* 1271; 2 *Am. Jur.* 753; and in the note to *Chitty* (13*th Am. Ed.*) 597, it is said that it may be advisable to add a count for not keeping the animal properly secured. The forms of pleading in Chitty, Harris' Entries, Archbold's Nisi Prius, and other authorities on common-law pleading, disclose that the essentials of the cause of action are the keeping with knowledge.

The common-law rule has always prevailed in this State. *Warner v. Chamberlain,* 7 *Houst.* 18, 30 *A.* 638; *Jones v. Carey,* 9 *Houst.* 214, 31 *A.* 976; *Barclay v. Hartman,* 2 *Marv.* 351, 43 *A.* 175; *Friedman v. McGowan,* 1 *Penn.* 436, 42 *A.* 723. A theory of liability and course of pleading adhered to for generations ought not to be superseded except for urgent reasons and upon clear manifestation of error. *Wilson v. Bethlehem Steel Co.,* 1 *Terry* (40 *Del.*) 157, 7 *A.* 2d 906.

The defendant calls attention to a statement appearing in 1 Thompson on Negligence, sections 845, 846, to the effect that there is a distinct tendency in the modern law to place the liability of the owner or keeper on the mere footing of negligence actual or presumed, and citing *Jones v. Carey, supra,* as illustrative of the tendency. But, with great deference, we very much doubt that this Court in that case intended a departure from the common-law theory of liability. In the introductory part of the charge to the jury it was said that if the jury believed that the defendant's dog had the dangerous habit of attacking wayfarers with their teams passing along the highway, and that the defendant was aware of such dangerous disposition, it would

be sufficient to support the plaintiff's case, in the absence of facts and circumstances which, under the law, would be a sufficient reason for withholding a verdict from him. In the last paragraph, it was said that if the testimony was believed that the defendant knew of the bad habit of his dog and refused to get rid of it, he was without any defense, as that, in effect, was wilful negligence on his part. Furthermore, it was said that the case was presented for prosecution as one of negligent conduct on the part of the defendant in keeping a dangerous dog, and negligence in the abstract and in the particular, as well as contributory negligence, were specifically explained. The declaration is not to be found in the files, and it is not known whether it was framed on the theory of keeping the dog and scienter, or on general allegation of duty and breach. In *Friedman v. McGowan, supra,* the declaration alleged both scienter and specific negligence, but from the report of the case, it is clear that the common-law theory of liability was followed. See *Card v. Case, supra.*

The defendant seeks to interject the principle that the mere keeping of a ferocious dog, knowing it to be such, for the purpose of defending one's premises, is not, in itself, unlawful. 3 *C. J.* 99, 3 *C. J. S., Animals,* § 153; and the italicized part of a statement made in the charge of the Court in *Barclay v. Hartman, supra* [2 *Marv.* 351, 43 *A.* 175], "* * * a man may own animals of a vicious character by nature. *That per se, of itself, is not sufficient * * *"*, is seized upon as indicating that negligence was recognized as the foundation of the liability, and that negligence must be averred. There is nothing in the case to support the idea; and, as the question before the Court is with respect to the sufficiency of the declaration, what the defendant may allege in his plea, or what the proof may show as to the purpose of keeping, if any, of the dog in the yard, or in what

part of the yard and the circumstances in which the plaintiff was attacked are not for immediate consideration.

 The averment of scienter is plainly insufficient. All that is alleged is that the defendant knew the dog to be a vicious animal. The word "vice", as applied to an animal, may be said to be a bad habit, or failing. The adjective "vicious" means that the animal is possessed of some bad habit, but it is not descriptive of any specific failing. The forms of pleading in such case as this allege specifically the dangerous propensity that the dog was accustomed to bite mankind; and this has been held to be sufficient without more. *Guenther v. Fohey*, 26 *Ind. App.* 93, 59 *N. E.* 182. Where scienter is a necessary part of the gist of the action, in fairness to the defendant, the particular vicious habit should be alleged. The general rule is that where it is necessary to allege scienter, it must be set forth with certainty and not in doubtful or ambiguous terms. 21 *Ency. Pl. & Pr.* 894; 3 *C. J. S., Animals*, § 170, *p.* 1271.

The demurrer is sustained on the ground that the allegation of scienter is insufficient.