CHARLOTTE T. DUFFY, Plaintiff, v. EDWARD D. GEBHART and MARGARET S. GEBHART, his wife, Defendants.

(*January* 20, 1960.)

CHRISTIE, J., sitting.

*Frank J. Gentile, Jr.,* for plaintiff.

*Norman N. Aerenson* for defendants.

Superior Court for New Castle County, No. 1004, Civil Action, 1958.

CHRISTIE, J.:

I find as a fact that the dog of Edward D. Gebhart (hereinafter referred to as defendant) bit or scratched the plaintiff Charlotte T. Duffy at about 10 p.m. on August 30, 1957. Plaintiff required medical treatment and she has a small permanent facial scar. Defendant's dog was a male boxer weighing about 75 pounds, and at the time of the incident the dog was about 7 years old. Plaintiff and her mother were out on a suburban road for an evening walk with their leashed collie at the time of the incident.

There was no evidence of any prior viciousness of the boxer. The defendant's uncontradicted testimony was that the boxer

was friendly and that it had never shown any vicious propensity in the past.

In previous dog-bite cases in Delaware, recovery was allowed under common law principles, after proof that the offending dog was vicious and that the owner knew of its vicious propensities. *F. Giovannozzi & Sons, Inc. v. Luciani,* 2 *Terry* 211, 18 *A.* 2d 435 (Superior Court, 1941).

Here, however, plaintiff's case must rest upon the provisions of the Delaware statute which reads as follows:

"1702. *Dogs Running At Large*

"(a) No person shall permit any dog to run at large at any time without a license tag as provided in section 1701 of this title. No dog shall be permitted to run at large anywhere in this State between the first day of March and the first day of October, next following, in each year, unless accompanied by the owner or custodian and under his immediate control.

"(b) The owner or custodian of every dog shall, at all times between the hours of sunset and sunrise of each day, keep such dog either (1) confined within an enclosure from which it cannot escape or (2) firmly secured by means of a collar or chain or other device so that it cannot stray from the premises on which it is secured, or (3) under the reasonable control of some person or when engaged in lawful hunting accompanied by the owner or custodian."

The statute carries criminal sanctions. 7 *Delaware Code* § 1712.

At the time of the incident, defendant's boxer was not licensed. The dog was running about defendant's yard without a collar or other physical restraint and it was not kept under such control as to prevent it from attacking plaintiff's collie as plaintiff came past. Plaintiff's injury was a direct result.

If the violation of the above quoted statute was a proximate cause of plaintiff's injury and if a purpose of the above statute was to protect people from such injuries, plaintiff is entitled to recover.

■ There can be little question that an important purpose of the statute is the protection of the public from rabid dogs. However, I think a much broader view of the statute must be taken. The second sentence of Subsection (*a*) may be concerned principally with the problem of rabies during warm weather. Subsection (*b*), however, imposes certain restrictions on owners of dogs during the hours between sunset and sunrise all year round. This Subsection may protect poultry and livestock, but I feel that the General Assembly intended its protection to extend beyond such creatures. See Judge Rodney's discussion of the general scope and purpose of statutes regulating dogs in *State v. Tull*, 1 *Terry* 179, 8 *A.* 2d 17 (Superior Court, 1939).

■ I find that there has been a violation of 7 Delaware Code § 1702(b) and that one of the purposes of such statute is to protect human beings from being bitten or scratched.

■ Accordingly, I find that the violation on defendant's part constituted negligence *per se* and defendant is liable for the resulting injuries.

Defendant maintains that his boxer was under reasonable control in that he was in the yard with the boxer exercising reasonable control over the boxer. Defendant further asserts that his boxer got into a fight with plaintiff's collie only because the collie was trespassing on defendant's land. I find as a fact that plaintiff and plaintiff's dog were on the public road at the time the incident began. I also find a lack of such control of the boxer as is required by the statute.

■ Defendant also maintains that in any case plaintiff was contributorily negligent in that she placed herself in a position

of danger by trying to intervene in a fight which was taking place between her dog and defendant's dog. I find that the evidence does not support this contention. Plaintiff's dog was upon a leash, in reasonable compliance with the terms of 7 *Delaware Code* § 1702(b). When the attack occurred, plaintiff was very close to the attacking boxer. While attempting to keep her collie under reasonable control as required by law and to pull the collie away from the scene of the attack, plaintiff was injured by defendant's boxer. It now appears that some other course on her part might have been wiser, but the course of action taken by her during the emergency was not an unreasonable one under all the circumstances.

 Judgment will be entered in against defendant Edward D. Gebhart in the amount of $500. There was no evidence that Margaret S. Gebhart was co-owner of the boxer so the case against her will be dismissed.