**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| CHRISTOPHER MANNISO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N19C-02-118 AML |
| | ) | |
| BRIAN TAYLOR and AINE TAYLOR, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: March 27, 2020
Decided: June 16, 2020

**ORDER**

**On Defendants' Motion for Summary Judgment: Granted**

1.     The defendant home owners seek summary judgment on personal injury claims filed by an individual who fell and was injured on the defendants' driveway. At the time he fell, the plaintiff was helping the defendants' family member move a mattress into the defendants' garage for storage. The plaintiff contends the defendants were negligent in failing to maintain and clear their driveway of snow and ice, and that negligence was the actual and proximate cause of his injuries.

2.     The defendants seek summary judgment on the basis of Delaware's Guest Premises Statute, which insulates a property owner from liability for injuries sustained by trespassers or guests unless the injury was intentional or in willful or wanton disregard of others' rights. I conclude the motion for summary judgment

must be granted because (i) the plaintiff has not offered *prima facie* evidence that he was a business invitee on the property rather than a guest without payment under Delaware's Guest Premises Statute, and (ii) there is no disputed issue of fact from which a jury could conclude that the defendants acted recklessly or with willful or wanton disregard of the plaintiff. My reasoning follows.

**BACKGROUND**

3.  The following facts are taken from the record, drawing all inferences in favor of the non-moving party. On December 16, 2017, Plaintiff Christopher Manniso assisted non-party Breda Buckley in moving to a new residence. Buckley had items, including a mattress, for which she did not have room in her new residence. At the end of the moving day, the mattress was loaded into the bed of Plaintiff's truck to be moved into storage.

4.  Before the moving date, Defendants Aine and Brian Taylor (collectively, the "Taylors") gave Buckley permission to store at the Taylors' home any items that would not fit in Buckley's new residence. Buckley is Aine Taylor's sister. Buckley did not provide the Taylors with the exact date or time she would be bringing the items to be stored at their home. The Taylors also were not aware Buckley would be bringing a mattress to their home.[1]

---

[1] *See* Defs.' Mot. for Summ. J., Ex. C, Excerpts from the Dep. of Aine Taylor (hereinafter "A. Taylor Dep.") 10-12.

5. Plaintiff and Buckley arrived at the Taylors' home at approximately 6:30 p.m., after darkness had fallen. Plaintiff parked his truck in the Taylors' driveway. The Taylors did not know Buckley was coming over that evening, and only Brian Taylor was home at the time. Upon learning of Plaintiff's and Buckley's arrival, Brian Taylor came outside and pointed out a place in the garage where the mattress could be moved. It had been snowing throughout the day, and snow and ice had accumulated on the driveway. When he exited his truck and began undoing the straps securing the mattress to the truck bed, Plaintiff slipped and fell in the driveway. Brian Taylor asked if Plaintiff was okay and offered to move the mattress himself, but Plaintiff proceeded to move the mattress and related items into the garage. Plaintiff and Buckley then left the Taylors' home.

6. Plaintiff brought a negligence claim against the Taylors alleging the Taylors negligently and/or recklessly caused Plaintiff's injuries and willfully and wantonly disregarded the potential of harm to Plaintiff. After discovery was complete, the Taylors moved for summary judgment on both of Plaintiff's claims, and the parties briefed that motion.

**ANALYSIS**

7. Under Superior Court Civil Rule 56, a party is entitled to summary judgment if there is no genuine issue as to any material fact and the moving party is

entitled to a judgment as a matter of law.[2]  A material issue of fact exists if "a rational finder of fact could find some material fact that would favor the nonmoving party in a determinative way[.]"[3]  The record must be viewed in the light most favorable to the non-moving party.[4]

8.      The initial burden is on the moving party to demonstrate that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.[5]  If the moving party meets that initial burden, the burden shifts to the non-moving party to show that a genuine issue of material fact is in dispute.[6]  "It is not enough for the opposing party merely to assert the existence of such a disputed issue of fact[,]" and "[i]f the facts permit reasonable persons to draw from them but one inference, the question is ripe for summary judgment."[7]

## I.      Plaintiff's claim fails under Delaware's Guest Premises Statute.

9.      Delaware's Guest Premises Statute provides, in relevant part, as follows:

> No person who enters onto private residential . . . premises owned or occupied by another person, either as a *guest without payment* or as a trespasser, shall have a cause of action against the owner or occupier of such premises for any injuries or damages sustained by such person while on the premises *unless* such accident was intentional on the part

---

[2] Super. Ct. Civ. R. 56(c).
[3] *Deloitte LLP v. Flanagan*, 2009 WL 5200657, at *3 (Del. Ch. Dec. 29, 2009).
[4] *Gruwell v. Allstate Ins. Co.*, 988 A.2d 945, 947 (Del. Super. 2009).
[5] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).
[6] *Id.* (citing *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979)).
[7] *Id.* (citing *Wootten v. Kiger*, 226 A.2d 238, 239 (Del. 1967)).

4

of the owner or occupier or was *caused by the [willful] or wanton disregard of the rights of others*.[8]

This statute was intended to protect landowners from "suits by guests based on simple acts of negligence[.]"[9]

10.     Delaware's Guest Premises Statute is in derogation of the common law and therefore must be construed strictly against a defendant seeking its application.[10] Nonetheless, it is settled that a plaintiff who argues the statute does not apply bears the burden of persuasion.[11]  That is, a plaintiff must put forth evidence that he does not fall within the statute because he neither was a guest without payment nor a trespasser.  As the party with the burden of persuasion, to survive a motion for summary judgment Plaintiff must point to facts that would support his *prima facie* case at trial.[12]

**A.     When he was on the Taylor's property, Plaintiff was a guest without payment rather than a business invitee.**

11.     The Taylors argue Plaintiff's claim is barred by Delaware's Guest Premises Statute because Plaintiff cannot establish his status as a "business invitee" rather than a "guest without payment" since Plaintiff did not confer any benefit of value on the Taylors.  Plaintiff contends he was a business invitee rather than a guest

---

[8] 25 *Del. C.* § 1501 (emphasis added).
[9] *Stratford Apartments, Inc. v. Fleming*, 305 A.3d 624, 626 (Del. 1973).
[10] *Id*.
[11] *Loper v. Street*, 412 A.2d 316, 318 (Del. 1980) (citing *DeJoseph v. Faraone*, 254 A.2d 257, 259 (Del. Super. 1969)).
[12] *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991).

without payment, and that his moving of the mattress into the Taylors' home conferred a benefit upon them. Plaintiff alternatively argues (1) because the Taylors admitted Plaintiff was not invited to the property, he was not a "guest" at all and therefore the statute does not apply; and (2) an agency relationship existed between Buckley and the Taylors, Plaintiff only was on the property to assist Buckley, the Taylors' family member who was permitted on the property, and therefore Plaintiff conferred a benefit on the Taylors as Buckley's "principal."

12. Delaware courts have found a "guest without payment" to be akin to a "social guest," or a person "who is present by invitation, express or implied, without economic or business benefit to the host."[13] In order for a landowner to receive the benefit of this statute, the landowner must not have received or expected a benefit of value from the guest's presence.[14] The benefit need not be a financial one; a benefit is conferred when the landowner gets or expects to get "a benefit of value for which other persons would have to pay."[15] Conferring a de minimis benefit on a landowner is not sufficient to convert a guest into a business invitee.[16]

---

[13] *Facciolo v. Facciolo Constr. Co.*, 317 A.2d 27, 28 (Del. 1974); *see Whitney v. Brann*, 394 F. Supp. 1, 8 (D. Del. 1975).

[14] *Stratford Apartments*, 305 A.3d at 626 (citing *Richmond v. Knowles*, 265 A.2d 53, 56 (Del. Super. 1970)).

[15] *Id*. (citing *Mumford v. Robinson*, 231 A.2d 477, 479 (Del. 1967)) (comparing the guest without payment clause to the automobile guest statute).

[16] *See Bailey v. Pennington*, 406 A.2d 44, 45 (Del. 1979). *Compare id.* (finding a de minimis benefit, if any, conferred by a plaintiff bringing a liquor bottle to a party), *and Puglisi v. McDannell*, 1985 WL 189338, at *2 (Del. Super. Dec. 23, 1985) (finding no benefit conferred by a plaintiff who allowed a defendant to keep his plumber's vise in the plaintiff's garage), *with Short-*

6

13.    Plaintiff has not put forward evidence that would establish at trial a *prima facie* case that he was the Taylors' business invitee.  First, the fact that the Taylors conceded they did not expressly invite Plaintiff to the property is not dispositive.  A guest may be invited by implication according to cases interpreting the statute, which would include an expressly invited guest (here, Buckley) extending an invitation to another (here, Plaintiff).  Second, the record evidence shows the only benefit conferred by Plaintiff was to Buckley, not the Taylors.  There are no facts in the record to support a finding that a benefit of value was conferred upon the Taylors.  Even if assisting Buckley and moving the mattress could be construed to be a benefit to the Taylors, it was "de minimis" and would not rise to the level required to be a business invitee.

14.    Although Plaintiff argues Buckley was the Taylor's "agent," and therefore the benefit to Buckley is imputed to the Taylors, Plaintiff offers no material facts from which a jury could find an agency relationship existed.  The party asserting the existence of an agency relationship bears the burden of proof.[17]  The elements of that relationship include (1) the agent having the power to act on behalf of the principal with respect to third parties; (2) the agent doing something at the behest of the principal and for his benefit; and (3) the principal having the right to

---

*Karr v. RB Gyms, Inc.*, 2015 WL 7776734, at *3 (Del. Super. Nov. 20, 2015) (finding guest of gym member to be a business invitee when injured in the gym).
[17] *Wilson v. Pepper*, 1995 WL 562235, at *3 (Del. Super. Aug. 21, 1995).

7

control the agent's conduct.[18] Plaintiff has not pointed to any facts in the record that support any of these elements. Because the undisputed facts show Plaintiff was a guest without payment, he is barred from recovery under Delaware's Guest Premises Statute unless he can establish the Taylors acted intentionally or with willful or wanton disregard for the rights of persons entering the property.

**B.      Plaintiff's claim based on reckless and/or willful or wanton disregard fails.**

15.      As Plaintiff was a "guest without payment," the statute bars recovery "unless such accident was intentional on the part of the owner or occupier or was caused by the willful or wanton disregard of the rights of others."[19] Plaintiff does not contend the incident was intentional, but he argues the Taylors' failure to remove or remedy the snow and ice in their driveway constitutes willful or wanton disregard of Plaintiff's safety. Plaintiff additionally argues the decision on whether the conduct was willful or wanton should be left to the jury.

16.      In order for conduct to be deemed willful or wanton, it must "assume[] the character of maliciousness or wickedness" and include "the elements of consciousness of one's conduct, realization of the probability of injury to another, and disregard of the consequences."[20] Although willful or wantonness generally is

---

[18] *J.E. Rhoads & Sons, Inc. v. Ammeraal, Inc.*, 1988 WL 32012, at *4 (Del. Super. Mar. 30, 1988).
[19] 25 *Del. C.* § 1501.
[20] *Bailey*, 406 A.2d at 46.

a question of fact for the jury, summary judgment is appropriate if the plaintiff cannot point to evidence from which a jury could find that the challenged conduct rose to the level of conscious indifference or an "I don't care" attitude.[21] For example, in *Bailey v. Pennington*, a guest premises case, an oil-burning torch used to repel insects during an outdoor party fell over and spilled burning oil on the plaintiff.[22] The Court held that the defendant's use of the torch in the manner in which it was intended was not willful or wanton conduct and that the defendant did not act with "conscious realization of the probability of injury" to the plaintiff.[23]

17. Here, there is no evidence in the record that the Taylors acted maliciously, wickedly, or consciously left the snow and ice in their driveway for the purpose of injuring Plaintiff or anyone else. The record demonstrates that it had been snowing throughout the day, and the Taylors were not aware of Buckley's or the Plaintiff's plans to move the mattress or other items that evening. There are no facts to suggest any malicious feelings or animosity between the parties, as they did not have any relationship with each other before this occasion. To the contrary, Plaintiff admits that Brian Taylor asked if Plaintiff was okay after the incident and

---

[21] *Estate of Rae v. Murphy*, 956 A.2d 1266, 1270-71 (Del. 2008); *see Francois v. Elom*, 2017 WL 168867, at *2 (Del. Super. Jan. 17, 2017).
[22] 406 A.2d at 45.
[23] *Id*. at 46.

offered to move the mattress himself.[24]  Therefore, Plaintiff's claim based on willful or wanton disregard must fail.

## CONCLUSION

18.    For the foregoing reasons, Defendants Brian and Aine Taylor's Motion for Summary Judgment is **GRANTED.  IT IS SO ORDERED.**


*/s/ Abigail M. LeGrow*
Abigail M. LeGrow, Judge

Original to Prothonotary
cc:    Tiffany M. Shrenk, Esquire
         Andres Gutierrez de Cos, Esquire

---

[24] Defs.' Mot. for Summ. J. 13.

10