Theresa W. FACCIOLO, Individually and as Next Friend of David Facciolo, a minor child, Plaintiff Below, Appellant,

v.

FACCIOLO CONSTRUCTION COMPANY, a Delaware corporation, Defendant Below, Appellee.

Supreme Court of Delaware.

May 20, 1972.

Clifford B. Hearn, Jr., of Biggs & Battaglia, Wilmington, for plaintiff below, appellant.

Ben T. Castle, of Young, Conaway, Stargatt & Taylor, Wilmington, for defendant below, appellee.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice:

The appellant, Theresa W. Facciolo, is the mother of David Facciolo (herein David), who was twelve years old at the time of the occurrence herein described. She instituted this action in negligence, individually and as next friend of David, for damages resulting from his fall on the floor of the office owned and occupied by Facciolo Construction Company, this appellee, on February 10, 1968, which was a Saturday. At the trial of the case in Superior Court, after the plaintiff's evidence had been presented, defendant was granted a directed verdict. Plaintiff below has appealed.

David's father, Carmen Facciolo (herein Carmen), was at the time president and principal stockholder of the appellee corporation. Its office was closed on Saturdays, but Carmen would customarily go to the office some time during the day to check the mail and attend to any other necessary matters. In doing so, he invariably took with him one of his sons. The son would pick up the mail from the floor and put it on his father's desk in another room, and perhaps empty a waste basket or make a few phone calls for his father. Carmen testified also that the office is located in a secluded place across from some vacant garages, wherefore he was reluctant to go to the office alone on Saturdays and took the son along for some protection.

On the day of David's injury, he had picked up the mail and perhaps made a phone call to a job site. When his father was ready to leave, he called David, who was in an inner office. Upon turning to leave, David fell down, knocking out some of his front teeth. Carmen saw a skid mark where David fell and found an accumulation of thick wax on a tile about 1x1½

feet in size. The tile was about ⅛ of an inch lower than those surrounding it. Because of the color of the tiles, it was difficult to see the sunken condition. The tile was covered with wax and was slippery and tacky.

The company's janitor testified that he had waxed the floor the previous evening. He stated that the floor was uneven and that the liquid wax he used had a tendency to accumulate in spots. He further said that the waxer furnished him functions poorly in that the container causes the wax to overflow, requiring extra precautions to spread the overflowed wax evenly.

■ The trial Judge held that David was a licensee—a holding now questioned by the appellant, who maintains that the determination of David's status as licensee or invitee should have been submitted to the jury. In our opinion, the ruling was correct, because the evidence supports only that conclusion. There is no suggestion that David received any benefit for going to the office or for anything he did there. Merely saving his father the trouble of picking up the mail and making a phone call by no means compares to the situation in Fields v. Synthetic Ropes, Inc., Del. Super., 219 A.2d 374 (1966), relied upon by appellant. If it be a fact that David went with his father to furnish some help or protection against an attack, his presence was for the benefit of the father, not the corporation. Any benefit to the corporation from David's presence was *de minimis*.

Moreover, this is not a case in which a parent took a child to a store or other place of business open to the general public, cf. Weinberg v. Hartman, Del.Super., 6 Terry 9, 65 A.2d 805 (1949); this office was closed to the public on Saturdays. In short, the evidence was insufficient to justify a finding that David was an invitee, and the trial Judge did not err in declining to submit that issue to the jury.

■ The trial Judge also held that the evidence did not justify a finding that "there were defects or a dangerous condi-

tion that the defendant knew about or should have known about,"—a question which appellant argues should have been left to the jury. For present purposes, we must of course view the evidence in the light most favorable to the appellant. There was evidence to justify a finding that the accumulation of wax in the low slippery spot constituted a dangerous condition involving an unusual risk of harm to any person walking upon it; that the defendant knew or should have known of its existence and the risk it presented, but failed to make it safe or to warn David of the hazard. If the jury should so find, it could properly conclude that there was actionable negligence on the part of the appellee. In our opinion, this matter should have been submitted to the jury.

The appellee expressly disclaims any reliance upon 25 Del.C. § 1421, which provides that a guest on another's premises without payment has no cause of action for damages, unless caused intentionally or by wilful or wanton disregard of the rights of others. We have accordingly ignored that section in considering this case.

The judgment below is reversed and the case remanded for a new trial.