Theresa W. FACCIOLO, Individually and as Next Friend of David Facciolo, a minor child, Plaintiffs Below, Appellants,

v.

FACCIOLO CONSTRUCTION COMPANY, a Delaware corporation, Defendant Below, Appellee.

Supreme Court of Delaware.

Feb. 25, 1974.

Gary W. Aber of Biggs & Battaglia, Wilmington, for plaintiff below, appellant.

Ben T. Castle of Young, Conaway, Stargatt & Taylor, Wilmington, for defendant below, appellee.

Before HERRMANN, C. J., and CAREY and DUFFY, JJ.

HERRMANN, Chief Justice:

This slip and fall case has been before this Court before. (See our prior opinion at 293 A.2d 803, to which reference is especially made for the facts.) Upon the reversal and remand, the defendant moved for

summary judgment under the Premises Guest Statute, 25 Del.C. § 1421.* The Superior Court held the Statute applicable and granted summary judgment on the ground that there was no showing by the plaintiff of "wilful or wanton disregard of the rights of others" by the defendant.

■ The Superior Court found, and this Court agreed (293 A.2d at 804), that David was a licensee. The plaintiff now contends that the Court below erred in concluding "that David, as a licensee, was at the time of his injury a guest without payment within the meaning of § 1421." The language is too broad, we think, if it was intended to mean that all licensees are guests.

■ The "guest without payment" referred to in § 1421 is obviously akin to the "social guest" recognized at common law. While, in most jurisdictions, such "guests" (as distinguished from business invitees) are classified as licensees (for want of a more fitting "slot" in the law of torts), it does not follow that all licensees are "guests". See Prosser, Law of Torts, pp. 378–79, 385 (4th Ed., 1971).

■ By definition, a "guest" is one who is present by invitation, express or implied, without economic or business benefit to the host. See *Webster's Seventh New Collegiate Dictionary*, p. 370; Stadelmann v. Glen Falls Insurance Co., 5 Mich.App. 536, 147 N.W.2d 460 (1967). He is neither the ordinary licensee whose presence is "suffered", nor the business invitee who performs an economic or business benefit for his host. But like the business invitee, the essential element of the status of "guest" is an invitation, express or implied. It follows that a licensee without an invitation is not a "guest" within the meaning of § 1421.

■ The prerequisite of invitation is present here. David was invited into the premises of the defendant corporation by its president; the fact that the president was also David's father is, of course, immaterial. As we have previously held (293 A.2d at 804), David was not a business invitee. Therefore, he was an invited "guest without payment"; and there was no error in the Superior Court's conclusion that he was subject to the provisions of § 1421.

The plaintiff also contends that § 1421 is not applicable because (1) business benefits were conferred by David upon the defendant corporation; and (2) because David's presence on the premises was not voluntary and, therefore, he acquired the non-guest status of his father.

We find no merit in either of these contentions. The economic benefit to the defendant corporation by reason of David's presence has been declared *de minimis* (293 A.2d at 804); we find it of no significance in weighing the applicability of § 1421. The "involuntary presence" argument is clearly without merit; there is no evidence of such involuntariness.

Affirmed.

---

* 25 Del.C. § 1421 provides:
   "§ 1421. Liability of occupier of land for injury to guests
   "No person who comes onto premises occupied by another person as his guest without payment shall have a cause of action for damages against the occupier of the premises unless such accident was intentional on the part of the occupier or was caused by his wilful or wanton disregard of the rights of others."

Compare the Automobile Guest Statute, 21 Del.C. § 6101; see Stratford Apartments, Inc. v. Fleming, Del.Supr., 305 A.2d 624 (1973); Richmond v. Knowles, Del.Super., 265 A.2d 53 (1970). (25 Del.C. § 1421 was amended July 10, 1973. See 25 Del.C. § 1501)