# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

EDWIN H. BATES, JR.,                )
                                    )
            Plaintiff,              )
                                    )
    v.                              )        C.A. No. N14C-09-230 VLM
                                    )
                                    )
TINA M. VASQUEZ and EDWIN           )
VASQUEZ,                            )
                                    )
            Defendants.             )


## MEMORANDUM OPINION AND ORDER


Submitted: August 19, 2016
Decided: August 23, 2016


*Upon Consideration of Defendants'*
*Motion for Summary Judgment,* **GRANTED.**


Gary S. Nitsche, Esquire, Wilmington, Delaware, Attorney for the Plaintiff.

Brian Thomas McNelis, Esquire, Dover, Delaware, Attorney for the Defendants.


**MEDINILLA, J.**

## INTRODUCTION

Defendants Tina and Edwin Vasquez moved this Court pursuant to Superior Court Civil Rule 56 to grant summary judgment in their favor on Plaintiff's claims. Plaintiff Edwin H. Bates, Jr. opposes, as to Edwin Vasquez.[1] After consideration of the parties' submissions and review of the oral arguments presented on August 19, 2016, for the reasons stated below, remaining Defendant's Motion for Summary Judgment is **GRANTED**.

## FACTUAL AND PROCEDURAL BACKGROUND

This is a personal injury matter that arises from an alleged assault on residential property owned and occupied by Tina and Edwin Vasquez. Plaintiff Edwin H. Bates, Jr. ("Plaintiff") alleges that on October 6, 2012, he was assaulted by now-dismissed Defendant Ernesto Miranda ("Miranda") in their home.[2]

Defendant Edwin Vasquez ("Defendant") lives immediately next door to Plaintiff. Plaintiff was hosting a party for his son's 10th birthday at his home; on the same day, Defendant was hosting a barbecue at his home.[3] Plaintiff was

---

[1] Plaintiff offered no argument in his Response as to Defendant Tina Vasquez. Accordingly, this Court issued its bench ruling and granted summary judgment in favor of Ms. Vasquez on August 19, 2016. Therefore, the only remaining Defendant is Edwin Vasquez.

[2] A Partial Stipulation of Dismissal was filed by the parties on April 14, 2016, after they were unable to secure service of process upon Ernesto Miranda. It is believed he is no longer in the United States and no further information is available regarding his whereabouts, despite the parties' attempts to locate him.

[3] Pl.'s Dep. at 29:17–30:1, Ex. 4 to Defs.' Mot. Summ. J.; Def.'s Dep. at 15:14–18, Ex. 1 to Defs.' Mot. Summ. J.

2

invited by Defendant to the barbecue, both orally and by being "waved over."[4] No evidence was provided of any payment or compensation regarding his attendance at Defendant's event; it is undisputed that Plaintiff was a social guest only, a social invitee of Defendant.[5]

Plaintiff testified that there must have been an assault based on an injury to his eye, despite also testifying that he had no recollection of what happened.[6] He had no information as to how or why he was struck, or by whom.[7] Plaintiff only learned that he was struck by Miranda after reading the police report, in which Defendant identified Miranda as the person who caused Plaintiff's injury.[8]

Plaintiff admits he was drinking alcohol and relies solely on the version of the facts detailed in Defendant's testimony to support his case.[9] The undisputed facts are that Defendant saw Plaintiff hit Miranda *first*, at which point Defendant went over to them and told them to stop fighting.[10] He also separated them and

---

[4] Pl.'s Dep. at 32:18–34:11, Ex. 4 to Defs.' Mot. Summ. J.

[5] *See id.* at 32–36; Def.'s Dep. at 14:12–14, Ex. 1 to Defs.' Mot. Summ. J.; Tina Vasquez's Dep. at 25:12–17, Ex. 2 to Defs.' Mot. Summ. J.

[6] Pl.'s Dep. 45:8–46:11, 47:1–48:24, 50:16–51:4, Ex. 4 to Defs.' Mot. Summ. J.

[7] *Id.* at 45:6–7, 46:7–8, 51:8–10.

[8] *Id.* at 49:3–7, 54:7–12.

[9] Plaintiff concedes that his factual version of the events would not survive a motion for summary judgment and that only Defendant's version should be considered in this analysis.

[10] Def.'s Dep. at 19:1–21, Ex. 1 to Defs.' Mot. Summ. J.

told Plaintiff to apologize to Miranda.[11] Defendant further testified that after he separated them, Plaintiff seemed to walk away and out of the backyard where the barbecue was taking place.[12] Yet when Defendant turned back around, he saw Plaintiff approach Miranda, and saw Plaintiff hit Miranda a second time.[13] Defendant again broke up the fight and told Plaintiff to apologize.[14] Defendant testified that he did not make Plaintiff leave after the assault(s) on Miranda because Plaintiff had apologized and Miranda did not seem upset.[15] He further testified that only "moments" after Plaintiff had assaulted Miranda, Miranda then assaulted Plaintiff.[16] Defendant then made both Plaintiff and Miranda leave.[17]

According to Defendant's testimony, it was only after Plaintiff attacked Miranda that Miranda struck Plaintiff.[18] According to both Plaintiff and Defendant (and Tina Vasquez), there were no prior indications of potential problems among

---

[11] *Id.* at 20:1–4.

[12] *Id.* at 20:5–9.

[13] *Id.* at 20:4–17. While at oral arguments it was unclear whether Plaintiff hit Miranda once or twice, it makes no difference for purposes of this analysis.

[14] *Id.* at 20:18–19, 22:1–3.

[15] *Id.* at 22:12–23:10.

[16] *Id.* at 23:13–17.

[17] *Id.* at 24:24–25:1.

[18] *Id.* at 22:7.

any of the party guests which would lead anyone to reasonably anticipate an assault.[19]

Plaintiff's Complaint alleges that Defendant was negligent in that he: (1) allowed the altercation to occur on his property; (2) failed to discover that Miranda was assaulting Plaintiff on his property; (3) failed to discover that Plaintiff was likely to be assaulted by Miranda; (4) failed to give adequate warning to Plaintiff to enable him to avoid the harm; (5) failed to otherwise protect Plaintiff from the harm; (6) failed to take reasonable measures to stop the altercation before it escalated and injured Plaintiff; and (7) conspired with Miranda to attack, assault or otherwise cause harm to Plaintiff.[20]  There is no count or claim in the Complaint alleging willful or wanton action on behalf of Defendant.[21]

Defendant(s) filed a Motion for Summary Judgment on May 17, 2016, and filed the Opening Brief on May 25, 2016.  Plaintiff filed a Response on June 14, 2016.  Defendant(s) filed a Reply on June 28, 2016.  Oral arguments were heard on August 19, 2016.  Defendant Tina Vasquez was granted summary judgment on the same day.  This Court has considered all of submissions in this case and the matter is ripe for review.

---

[19] Pl.'s Dep. at 54:17–55:13, Ex. 4 to Defs.' Mot. Summ. J.; Def.'s Dep. at 17:3–5, 29:3–13, 31:9–13, Ex. 1 to Defs.' Mot. Summ. J.; Tina Vasquez's Dep. at 14:11–17, 18:9–18, Ex. 2 to Defs.' Mot. Summ. J.

[20] *See* Compl. ¶ 9, Ex. 3 to Defs.' Mot. Summ. J.

[21] *See generally id.*

### Contentions of the Parties

Defendant argues that Plaintiff's claim against him is barred by Delaware's Premises Guest Statute (25 *Del. C.* § 1501). Plaintiff argues that Defendant's actions and/or omissions rise to the level of "willful and wanton" conduct, an exception to the Premises Guest Statute. For the following reasons, this Court disagrees with Plaintiff and **GRANTS** summary judgment in favor of Defendant.

### STANDARD OF REVIEW

Superior Court Civil Rule 56 mandates the granting of summary judgment upon a showing by the movant that "there is no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law."[22] "Once the movant meets its burden, then the burden shifts to the non-movant to demonstrate sufficiently an existence of one or more genuine issues of material fact."[23] Summary judgment will not be granted if there is a material fact in dispute or if "it seems desirable to inquire thoroughly into [the facts] in order to clarify the application of the law to the circumstances."[24] In considering the motion, "[a]ll facts and reasonable inferences must be considered in a light most favorable to the

---

[22] Super. Ct. Civ. R. 56(c).

[23] *Quality Elec. Co., Inc. v. E. States Const. Serv., Inc.*, 663 A.2d 488 (Del. 1995). *See also Moore v. Sizemore*, 405 A.2d 679, 681 (Del. 1979); Super. Ct. Civ. R. 56(e).

[24] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962).

non-moving party."[25]   However, courts should not "indulge in speculation and conjecture; a motion for summary judgment is decided on the record presented and not on evidence potentially possible."[26]

## ANALYSIS

The Delaware Premises Guest Statute (25 *Del. C.* § 1501) provides:

> No person who enters onto private residential or farm premises owned or occupied by another person, either as **a guest without payment** or as a trespasser, shall have a cause of action against the owner or occupier of such premises for any injuries or damages sustained by such person while on the premises unless such accident was intentional on the part of the owner or occupier or was caused by the willful or wanton disregard of the rights of others.[27]

The Delaware Premises Guest Statute is a derogation of common law and must be strictly construed against a defendant seeking its protection.[28]   Even so, any party asserting the inapplicability of the Delaware Premises Guest Statute has the burden of persuasion.[29]   Plaintiff thus has the obligation to proffer evidence that he falls under an exception to the Statute.   Under Delaware law, a "guest without

---

[25] *Nutt v. A.C. & S. Co., Inc.*, 517 A.2d 690, 692 (Del. Super. 1986).

[26] *In re Asbestos Litig.*, 509 A.2d 1116, 1118 (Del. Super. 1986) *aff'd sub nom. Nicolet, Inc. v. Nutt*, 525 A.2d 146 (Del. 1987).

[27] 25 *Del. C.* § 1501 (emphasis added).

[28] *Stratford Apartments, Inc. v. Fleming*, 305 A.2d 624, 626 (Del. 1973).   *See also Porter v. Delmarva Power & Light Co.*, 547 A.2d 124, 128 (Del. 1988); *Higgins v. Walls*, 901 A.2d 122, 133 n.39 (Del. Super. 2005).

[29] *Loper v. Street*, 412 A.2d 316, 318 (Del. 1980).

payment" is akin to a social guest, one who is present by invitation without economic or business benefit to the host. The essential limit of the status of "guest" is an invitation, either expressed or implied.[30]

It is undisputed that Plaintiff was a social guest upon the property owned and occupied by Defendant, a "guest without payment" pursuant to 25 *Del. C.* § 1501. Indeed, Plaintiff does not argue that he was not a "guest without payment" under the Premises Guest Statute. Plaintiff has only pleaded negligence on the part of Defendant.[31] Accordingly, Plaintiff's cause of action in negligence against Defendant is clearly precluded by the Premises Guest Statute.[32]

Plaintiff can therefore only recover as a "guest without payment" under the Premises Guest Statute "upon proof of an intentional injury or one caused by willful or wanton disregard" of his or her rights.[33] Where the complaint does not allege any willful or wanton conduct, summary judgment must be granted unless the plaintiff can produce evidence of such conduct; if such evidence is produced, the complaint may be amended.[34] Plaintiff attempts to re-characterize what are

---

[30] *Facciolo v. Facciolo Construction Co.*, 317 A.2d 27, 28 (Del. 1974).

[31] The Complaint only alleges *negligence* against Defendant(s), while "willful and wanton" conduct *is* expressly alleged against Miranda. *See* Compl. ¶ 8, Ex. 3 to Defs.' Mot. Summ. J.

[32] *Stratford Apartments*, 305 A.2d at 626 ("It is evident that it was the legislative intent to protect a landowner from suits by guests based on simple acts of negligence just as the motor vehicle owner or operator is protected by the automobile guest statute.").

[33] *Id.* at 627.

[34] *Id.*

clearly allegations of negligence into allegations of "willful and wanton" conduct in order to take advantage of the exception in the Premises Guest Statute for such conduct. This Court finds that Plaintiff fails to offer any evidence that would permit such a re-characterization.

Under Delaware law, negligence is characterized by "carelessness, thoughtlessness, inattention, inadvertence. Negligence is negative in its character and implies nonfeasance."[35] Conduct which is "willful and wanton" is distinguished from that which is merely "negligent":

> Willful or wanton conduct is outside the domain of negligence, for the moment the element of willfulness, actual or constructive enters, the conduct ceases to be negligent, and assumes the character of maliciousness or wickedness. Willfulness and negligence are incompatible terms. Absence of intent is a characteristic of negligence. Willfulness cannot exist without purpose or design. The difference is one of kind, not of degree. There is a clear distinction between wantonness and negligence, as the former term includes the elements of consciousness of one's conduct, realization of the probability of injury to another, and disregard of the consequences.[36]

Accordingly, Defendant's actions can only be considered "willful and wanton" if he maliciously or purposely allowed Plaintiff to be injured, or if he had

---

[35] *Gallegher v. Davis*, 183 A. 620, 622 (Del. Super. 1936), *overruled in part on other grounds by Wagner v. Shanks*, 194 A.2d 701, 706–07 (Del. 1963) (clarifying that "[w]antonness does not necessarily imply any form of intent to cause the harm which results from some activity. Wanton conduct occurs when a person, with no intent to cause harm, performs an act which is so unreasonable and dangerous that he either knows or should know that there is an eminent likelihood of harm which can result.").

[36] *Gallegher*, 183 A. at 622.

knowledge of the conduct causing harm, realized the probability that another person would be injured and still disregarded the consequences.[37]

Plaintiff's argument is creative. He claims that Defendant failed to do more to protect Plaintiff from himself—in other words, that Defendant acted willfully and wantonly because he did not do more to protect Plaintiff from the consequences of Plaintiff's own intoxicated and unprovoked assault. Plaintiff argues that Defendant's actions and/or omissions meet the standard of willful and wanton conduct because he did nothing to remove the threat of harm from the premises. This Court is not persuaded, especially where the threat of harm was, in fact, Plaintiff.

This Court finds that Plaintiff fails to establish that the conduct of Defendant meets the definition of "willful and wanton." Even if there had been bad blood between Plaintiff and Miranda from a prior history, Plaintiff initiated, continued to provoke and escalated the situation that eventually caused him harm. Plaintiff fails to establish that Defendant's knowledge (and disregard) of this "risk" was established solely based on Defendant witnessing the previous altercations moments before the injury occurred. This Court is hard-pressed to find maliciousness or wickedness in his conduct where he was serving as a mediator,

---

[37] *Id. See also Jardel Co., Inc. v. Hughes*, 523 A.2d 518, 531 (Del. 1987) ("It must be shown that the precise harm which eventuated must have been reasonably apparent but consciously ignored in the formulation of the judgment.").

10

trying to stop the altercations between these two men and soliciting apologies from each in an effort to keep the peace.

Even when viewing all facts and reasonable inferences in a light most favorable to Plaintiff, he fails to provide any genuine issue of fact to support his theory that any exception to the Delaware Premises Guest Statute applies to his cause of action. Defendant has met his burden under Superior Court Civil Rule 56 and summary judgment is appropriate.

**IT IS SO ORDERED** that Defendant's Motion for Summary Judgment is, hereby, **GRANTED.**

Judge Vivian L. Medinilla

oc: Prothonotary
cc: Gary S. Nitsche, Esquire (via File & Serve)
    Brian Thomas McNelis, Esquire (via File & Serve)