**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

LOTTIE ARTHUR,           :

                              :     C.A. No.: K24C-02-022 JJC

           Plaintiff,       :

                              :

        v.                   :

                              :

BARBARA A. CUMMINGS,   :

                              :

           Defendant.     :

                              :

                              :

Submitted: July 7, 2025
Decided:   August 14, 2025

## <u>ORDER</u>

On this 14th day of August 2025, having considered Defendant Barbara A. Cummings' motion for summary judgment, Plaintiff Lottie Arthur's response in opposition, and the parties' respective positions presented during oral argument, it appears that:

1.     Ms. Arthur sues for injuries she sustained while on Ms. Cummings' property that she alleges resulted from Ms. Cummings' negligence.[1]  Presently, Ms. Cummings moves for summary judgment.  The recited facts to follow are those read in the light most favorable to Ms. Arthur.

2.     Ms. Arthur wrote a book about her life and displayed it for sale at a local restaurant.  Ms. Cummings became acquainted with Ms. Arthur through the owner of that restaurant, who was a mutual friend.  The friend told Ms. Arthur that

---

[1] Compl. at ¶ 4–5 (D.I. 1).

1

Ms. Cummings was interested in buying a copy of her book. Ms. Arthur then obtained Ms. Cummings' address and drove to her home to deliver her a copy. Ms. Arthur testified, which the Court accepts as true for purposes of this motion, that Ms. Cummings told her on that first visit that she may have some questions concerning the book and may like her to return at some point to answer them.[2]

3.   On a later occasion, on the afternoon of March 30, 2022, Ms. Arthur visited Ms. Cummings' home a second time. The parties dispute whether Ms. Cummings invited Ms. Arthur to her home that day.[3] Regardless, for purposes of this motion, the Court accepts that she visited by invitation. After Ms. Arthur parked her car in the driveway, she walked toward the front entrance of the home. She then tripped over concealed tree roots in Ms. Cummings' front lawn. Ms. Cummings' two daughters, both of whom lived next door, witnessed the fall. They assisted Ms. Arthur, helped her into their mother's home, and provided her basic first aid.

4.   Ms. Arthur later filed a civil complaint sounding in negligence.[4] Presently, Ms. Arthur alleges injuries to "her left hand and wrist and other parts of her body, including her back" from the fall.[5] She also alleges over fifty-six thousand dollars in related medical expenses as a result of her fall.[6] As to liability, she alleges that Ms. Cummings proximately caused her injuries by *negligently* (1) failing to make her property safe for invitees; (2) failing to inspect the property for hazardous conditions; (3) failing to remove grass and other vegetation that concealed the tree roots over which Ms. Arthur fell; and (4) failing to post warnings regarding her hazardous lawn conditions.[7] Ms. Cummings, in large part, denies Ms. Arthur's

---

[2] Def.'s Mot. for Summ. J., Ex. B 51:14–15.
[3] The Court will explain below why this dispute does not raise a genuine issue of material fact for the purposes of this motion. *Infra* n.32.
[4] D.I. 1.
[5] Pl.'s Resp. in Opp'n to Mot. for Summ. J. at 3 (D.I. 22).
[6] *Id*. at 1. Ms. Arthur predicts continuing future medical expenses for these injuries as well.
[7] *Id*. at ¶ 4.

allegations. She also raised numerous affirmative defenses, including 25 *Del. C.* § 1501—Delaware's Guest Premises Statute.[8]

5. Ms. Cummings now moves for summary judgment.[9] She contends that Ms. Arthur was a guest without payment on her property which precludes Ms. Arthur's negligence claims under the Guest Premises Statute.[10] Ms. Arthur counters that her visit falls outside the Statute because she was a business invitee who was on the property to provide Ms. Cummings a benefit.[11] Furthermore, Ms. Arthur contends that Ms. Cummings is now incompetent and cannot be effectively questioned about her version of events. That, Ms. Arthur contends, should cut in her favor on summary judgment because the Court cannot now ascertain what benefit Ms. Cummings understood she was receiving.[12]

6. Pursuant to Superior Court Civil Rule 56(c), summary judgment is appropriate only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[13] When considering a motion for summary judgment, the role of the Court is "to identify disputed factual issues whose resolution is necessary to decide the case, but not to decide such issues."[14] The Court must also draw all reasonable inferences in the light most favorable to the non-moving party.[15] Furthermore, the

---

[8] Answer (D.I. 6).

[9] D.I. 20.

[10] *Id*. at ¶ 8–13.

[11] D.I. 22, at 4–6.

[12] *Id*. at 6.

[13] Super. Ct. Civ. R. 56(c).

[14] *Merrill v. Crothall-Am., Inc.*, 606 A.2d 96, 99 (Del. 1992) (citing *U.S. v. Diebold, Inc.*, 369 U.S. 654 (1962)).

[15] *Nutt v. A.C. & S. Co., Inc.*, 517 A.2d 690, 692 (Del. Super. Ct. 1986) (citing *Mechell v. Palmer*, 343 A.2d 620, 621 (Del. 1975); *Allstate Auto Leasing Co. v. Caldwell*, 394 A.2d 748, 752 (Del. Super. 1978)).

moving party bears the initial burden of demonstrating the absence of genuine issues of material fact.[16] If the moving party meets that burden, the non-moving party must demonstrate the existence of one or more genuine issues of material fact.[17]

7.      Under Delaware's Guest Premises Statute,

> [n]o person who enters onto private residential . . . premises owned or occupied by another person, either as a guest without payment or as a trespasser, shall have a cause of action against the owner or occupier of such premises for any injuries or damages sustained by such person while on the premises unless such accident was intentional on the part of the owner or occupier or was caused by the [willful] or wanton disregard of the rights of others.[18]

The legislative intent here is to protect landowners from suits by their guests based on simple acts of negligence.[19] In that way, the statute works in derogation of the common law and must be strictly construed against a defendant seeking to apply it.[20] On balance, an injured plaintiff who entered or occupied the property *as a guest without payment* must demonstrate that the defendant had at least a reckless state of mind in order to sustain a claim under the Statute.

8.      Here, Ms. Cummings contends that she did not know why Ms. Arthur came to her home that day.[21] That testimony, if accepted, would  mean that Ms. Arthur was either a trespasser or, at best, a guest without payment.  Given that initial showing, and because Ms. Arthur alleges only negligent conduct on the part of Ms.

---

[16] *Marcolini v. Horizon Servs., Inc.*, 2023 WL 111060, at *2 (Del. Super. Jan. 5, 2023) (quoting *Brown v. Ocean Drilling & Expl. Co.*, 403 A.2d 1114, 1115 (Del. 1979)).

[17] *Bates v. Vasquez*, 2016 WL 4468603, at *2 (Del. Super. Aug. 23, 2016) (quoting *Quality Elec. Co., Inc. v. E. States Const. Serv., Inc.*, 663 A.2d 488, 1995 WL 379125, at *4 (Del. Jun. 19, 1995) (TABLE)); *Francois v. Elom*, 2017 WL 168867, at *1 (Del. Super. Jan. 17, 2017) (citing *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995)).

[18] 25 *Del. C.* § 1501.

[19] *Stratford Apartments, Inc. v. Fleming*, 305 A.2d 624, 626 (Del. 1973).

[20] *Manniso v. Taylor*, 2020 WL 3259484, at *2 (Del. Super. June 16, 2020), *aff'd*, 245 A.3d 925 (Del. 2021) (citing *Stratford Apartments, Inc.*, 305 A.2d at 626); *accord Porter v. Delmarva Power & Light Co.*, 547 A.2d 124, 128 (Del. 1988).

[21] D.I. 22, Ex. C at 19:9–20.

Cummings, the burden shifts to Ms. Arthur to identify a genuine issue of fact regarding Ms. Arthur's status.

9. Generally, a plaintiff who contends that the Guest Premises Statute does not apply bears the burden of persuasion.[22] To that end, a plaintiff must identify evidence that removes her from the Statute because she is neither a guest without payment nor a trespasser.[23] In other words, if she was a business invitee, as recognized at common law, the statute will not bar her claims in negligence. Delaware courts have similarly equated a "guest without payment" to a social guest at common law.[24] In that vein, a "guest without payment" is "one who is present by invitation, express or implied, without economic or business benefit to the [landowner]."[25] From the landowner's perspective, the Guest Premises Statute insulates against negligence claims if the landowner neither received nor expected to receive a benefit from the guest for which others would have to pay.[26] The benefit need not be an exchange of money to suffice.[27] Nevertheless, a *de minimis* benefit to the landowner does not convert a social guest into a business invitee.[28] To this end, there must be some credible evidence that the visit conferred an economic or business benefit on the owner or occupier of the land.[29]

---

[22] *Loper v. Street*, 412 A.2d 316, 318 (Del. 1980).
[23] *Manniso*, 2020 WL 3259484, at *2.
[24] *Id*. at *3; *see also Facciolo v. Facciolo Const. Co.*, 317 A.2d 27, 28 (Del. 1974) (recognizing that the "guest without payment" referred to a prior version of the Guest Premises Statute is synonymous with a "social guest" at common law); *Whitney v. Brann*, 394 F. Supp. 1, 8 (D. Del. 1975), *aff'd*, 530 F.2d 966 (3d Cir. 1976) ("A guest without payment has been construed by the Delaware courts to be akin to a 'social guest' recognized at common law as distinguished from [a] business invitee.") (internal quotations omitted).
[25] *Manniso*, 2020 WL 3259484, at *3 (quoting *Facciolo*, 317 A.2d at 28).
[26] *Stratford Apartments, Inc.*, 305 A.2d at 626.
[27] *Manniso*, 2020 WL 3259484, at *3 (citing *Stratford Apartments, Inc.*, 305 A.2d at 626).
[28] *Id*. (citations omitted).
[29] *Leuzzi*, 1998 WL 960723, at *3 (citing *Whitney*, 394 F. Supp. at 8).

10.     When viewing the record and all reasonable inferences in the light most favorable to Ms. Arthur, she identifies no evidence to support that her presence on Ms. Cummings' property was for a reason other than to be Ms. Cummings' social guest.   Specifically, in Ms. Arthur's deposition, she discussed her reason for returning to Ms. Cummings' home as follows:

> I told her if she had questions I would come back and talk with her.  You know, I was lonely; she was lonely.  And so I thought it would be a nice way to get to know her, you know.[30]

This admission in Ms. Arthur's deposition, which is the only evidence of record that addresses the purpose of her visit other than Ms. Cummings' testimony, demonstrates no benefit of value to Ms. Cummings—business, economic, or otherwise.[31]   In this vein, the pleasure of Ms. Arthur's conversation was not something for which other persons would expect to pay.[32]  Here, at most, a follow-up discussion regarding an already completed book transaction would have provided Ms. Cummings a *de minimis* benefit.  No reasonable jury could infer otherwise on this record.

11.     Ms. Arthur's status at the summary judgment stage also fits firmly within the parameters of controlling precedent addressing the issue.  Most apposite

---

[30] D.I. 20, Ex. B at 19–23.

[31] As mentioned above, the parties dispute whether Ms. Arthur's presence on the property was expected at all.  Despite Ms. Arthur's contention that Ms. Cummings has developed competency issues, Ms. Cummings maintained during her deposition that she never invited Ms. Arthur to her home on the day of the fall.  D.I. 22, Ex. C at 19:9–20.  In contravention, Ms. Aruthur maintained that Ms. Cummings indicated to her that she may have some questions about the book and had invited her over to discuss it.  D.I. 20, Ex. B at 51:12–15, 56:5–9.  Regardless, even accepting that Ms. Arthur received an invitation as true, that alone would not change her status from that of a social guest into a business invitee.

[32] *C.f. Mumford*, 231 A.2d at 479 (Del. 1967) (finding a benefit of value where a passenger guest exchanged sewing lessons for which others ordinarily would have to pay for transportation services).  Although the holding in *Mumford* dealt with the Automobile Guest Statute, Delaware courts have regularly applied its analogous principles to the Guest Premises Statute.  *See e.g.*, *Stratford Apartments, Inc.*, 305 A.2d at 626; *Bailey v. Pennington*, 406 A.2d 44, 45–47 (Del. 1979); *Manniso*, 2020 WL 3259484, at *3 n.15.

are the facts presented in the Delaware Supreme Court decision in *Bailey v. Pennington*.[33] There, the Delaware Supreme Court held that summary judgment was appropriate where the record demonstrated that a plaintiff who brought a liquor bottle to a landowner's party conferred only a *de minimis* benefit upon the landowner host.[34] Such a contribution to the social event did not convert the plaintiff into a business invitee for purposes of summary judgment analysis.[35] Likewise, Ms. Arthur's stated intention of discussing the book she had already sold to Ms. Cummings conferred a *de minimis* benefit to Ms. Cummings that was no greater than a guest's contribution of food or drink to a social party. Ms. Arthur's own uncontradicted admission demonstrates that social companionship was the primary purpose for her visit.

12. In summary, Ms. Arthur fails to carry her burden on summary judgment by identifying a genuine issue of fact regarding her status under 25 *Del. C.* § 1501. As a result, Ms. Cummings is entitled to summary judgment.

**WHEREFORE**, for the foregoing reasons, Ms. Cummings' motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED**.

/s/Jeffrey J Clark
Resident Judge

---

[33] 406 A.2d 44 (Del. 1979).
[34] *Id*. at 45, 48.
[35] *Id*. at 45.